UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TONY W. LAKE, | Case No. 20-CV-1366 (PJS/ECW) |
| Petitioner, | |
| v. | ORDER |
| WARDEN J. FIKES, | |
| Respondent. | |

Tony W. Lake, pro se.

Andrew Tweeten, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on petitioner Tony Lake's objection to the August 14, 2020 Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright. ECF No. 9. In that R&R, Judge Wright recommends dismissing Lake's petition for a writ of habeas corpus. ECF No. 8. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Based on that review, the Court overrules Lake's objection and adopts the R&R.[1]

---

[1] After the R&R was issued, Lake was apparently moved to a residential reentry center ("RRC") in Missouri. *See* ECF. No. 9 (discussing Lake's expected transfer to an RRC on September 1, 2020). Lake is still in custody, however, and he seeks the restoration of his good-time credit and immediate release, so his petition is not moot. *See Schmanke v. U.S. Bureau of Prisons*, 847 F. Supp. 134, 136 n.3 (D. Minn. 1994) ("Because the Petitioner is still subject to the authority of the Bureau of Prisons, he is

(continued...)

In his original petition, Lake alleges that he was deprived of due process when the Bureau of Prisons failed to provide him with a copy of an incident report within 24 hours of an alleged infraction, as required by "BOP policy."  ECF No. 1 at 3.  As Judge Wright explained, however, not every violation of BOP rules is a violation of the Due Process Clause of the Fifth Amendment.  ECF No. 8 at 8.  The Court agrees with Judge Wright that this particular violation did not deprive Lake of due process.

In his objection to the R&R, Lake raises a number of issues for the first time.  "A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge."  *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004)); *see also Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge.").  But because Lake is proceeding pro se, the Court will briefly address his complaints.

First, Lake expresses frustration with having to restart the administrative appeals process after he was transferred to a new facility.  But Lake has not shown that he was prejudiced by having to restart the process and therefore he has not shown that being

---

[1](...continued)
still 'in custody' despite his status as a halfway house resident.").

required to restart the process deprived him of due process. *See Bandy v. Comm'r of Corr.*, No. 13-2209, 2016 WL 1271469, at *7 (D. Minn. Mar. 31, 2016) (finding no due process violation from detainee's inability to appeal disciplinary action because such appeals are not constitutionally-required); *Jordan v. Outlaw*, No. 2:11CV00176 DPM/BD, 2012 WL 1790040, at *5 (E.D. Ark. Mar. 21, 2012) (dismissing due process claim based on administrative appeals process for lack of prejudice).

Lake also informs the Court that he spent 15 months in administrative detention after the incident. If Lake intends to argue that the detention violated his right to due process, then his claim fails because Lake has not shown that this confinement was an "atypical and significant hardship" when compared to normal prison life. *Ballinger v. Cedar Cnty.*, 810 F.3d 557, 562-63 (8th Cir. 2016) (finding one year in solitary confinement did not violate due process); *see also Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." (quotations and citation omitted)).

Finally, Lake notes that he was "served another infraction for the same incident 14 months later." ECF No. 9. If Lake is trying to raise some type of double-jeopardy claim, that claim must fail, as prison-disciplinary proceedings "do not place an offender in jeopardy for purposes of the double jeopardy clause." *Kerns v. Parratt*, 672 F.2d 690, 691 (8th Cir. 1982); *see also United States v. Stead*, 528 F.2d 257, 259 (8th Cir. 1975) (noting

administrative proceedings that forfeited good time did "not reach the dignity of former jeopardy"); *Turner v. Johnson*, 46 F. Supp. 2d 655, 668 (S.D. Tex. 1999) ("[T]he imposition of multiple punishments . . . for the same act of misconduct does not give rise to double jeopardy concerns.").

ORDER

Based on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 9] and ADOPTS the R&R [ECF No. 8]. IT IS HEREBY ORDERED THAT the petition of Tony Lake for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 24, 2020         s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge